UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GORDON CANTRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATIVE SUBDIVISIONS AND THE STATE OF WASHINGTON,<br><br>　　　　Defendants. | Case No. C07-5263RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 27, 2007** |

　　　　This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status (Dkt. # 1). The application was deficient, and the court clerk's office sent plaintiff a letter indicating the application was deficient because plaintiff had not provided a prison trust account or a written consent for payment of costs form. Further, plaintiff did not provide service copies or documents (Dkt. # 2). The letter gave plaintiff until June 25, 2007, to cure the defects in his application.

　　　　There has been no response to the clerk's letter, however, plaintiff did file an amended

REPORT AND RECOMMENDATION- 1

complaint that is not comprehensible (Dkt. # 3).  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,.  Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit.  Mr. Cantrell has failed to cure the deficiencies in his application.  The court should direct Mr. Cantrell to pay the filing within 30 days of the court's order and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 27, 2007,** as noted in the caption.

DATED this 2 day of July, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2